IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                                       **No. CR 09-3504 RB**

**DANIEL MOLINA,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** came before the Court on Defendant's Motion to Dismiss the Indictment, filed on October 6, 2010, First Amended Motion to Dismiss the Indictment, filed on October 7, 2010, Second Motion to Dismiss the Indictment, filed on November 1, 2010, and Plaintiff's Motion in Limine, filed on November 5, 2010. The Court heard arguments on October 14, 2010, November 4, 2010, and November 10, 2010. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court denies Defendant's Motions to Dismiss and grants Plaintiff's Motion in Limine.

**I.**        **Background.**

        The Indictment charges Defendant Daniel Molina with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), on or about June 14, 2009. In the three motions to dismiss, Mr. Molina contends that the two predicate felony convictions do not meet the definitional requirements of 18 U.S.C. § 921(a)(20), to satisfy the first element of 18 U.S.C. § 922(g)(1). In the motion in limine, the United States moves to preclude Mr. Molina from making any reference at trial to: (1) potential penalties, and (2) his ability to possess firearms under New Mexico law.

**II.     Discussion.**

**A.     Mr. Molina's Second Motion to Dismiss the Indictment, First Amended Motion to Dismiss the Indictment, and Motion to Dismiss the Indictment will be denied.**

    **1.     The elements of 18 U.S.C. § 922(g)(1).**

Section 922(g)(1) criminalizes the possession of firearms for "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). To obtain a conviction under § 922(g)(1), the government must prove beyond a reasonable doubt that (1) the defendant was previously convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce. *United States v. Baker*, 508 F.3d 1321, 1324 (10th Cir. 2007). The focus under § 922(g)(1) is on the crime committed by the defendant and centers on the maximum statutory sentence. *United States v. Hill*, 539 F.3d 1213, 1218 (10th Cir. 2008) ("In drafting § 922(g)(1), Congress focused on the crime, not the individual defendant."). Mr. Molina challenges only the first element.

The Indictment charges that Mr. Molina was convicted of aggravated assault on a peace officer in Case No. CR-88-33, Sixth Judicial District Court, Grant County, State of New Mexico, and escape from jail in Case No. CR-88-33, Sixth Judicial District Court, Grant County, State of New Mexico. (Doc. 17, Def. Ex. 2.) Under New Mexico law, the crime of aggravated assault on a peace officer is a third degree felony carrying a maximum sentence of three years imprisonment.[1] *See* N.M. Stat. Ann. §§ 30-22-22(B) and 31-18-15(A)(9). Under New Mexico law, the crime of escape from jail is a fourth degree felony carrying a maximum sentence of eighteen months

---

[1] The maximum terms are higher if the crime results in the death of a human being or involves a sexual offense against a child. *See* N.M. Stat. Ann. §§ 31-18-15(A)(7) and (A)(8).

imprisonment. *See* N.M. Stat. Ann. §§ 30-22-8 and 31-18-15(A)(10). Mr. Molina was sentenced to a term of four years imprisonment and six months probation for each offense, to run concurrently, with such terms suspended and Mr. Molina was placed on probation for four years. (Def. Ex. 2.) Thus, the two predicate, 1988 convictions are both felony convictions.

**2.  The admissibility of the predicate convictions presents a legal question for the Court to decide.**

Mr. Molina contends that his civil rights were restored following the predicate convictions. Section 921(a)(20) provides that certain convictions cannot serve as a predicate conviction for a § 922(g)(1) violation:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or *has had civil rights restored shall not be considered a conviction for purposes of this chapter*, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added).

The Tenth Circuit has emphasized that "[b]ecause § 921(a)(20) is definitional, it is the trial judge's responsibility to determine as a matter of law whether a prior conviction is admissible in a § 922(g)(1) case." *United States v. Flower*, 29 F.3d 530, 535 (10th Cir. 1994). "Any motions, arguments, or factual presentations related to this issue should therefore be heard and considered outside the presence of the jury." *Id.* For this reason, the Court must decide this issue in advance of trial.

In order to secure a favorable ruling from the Court on this issue, it is up to Mr. Molina to show, with specificity, that the two prior convictions the government seeks to use as predicate convictions do not meet the legal definition requirements of Section 921(a)(20). *Flower*, 29 F.3d at 535. At the same time, the United States has "a duty to advise the court of the existence of any

definitional exception that would disqualify the use of a prior conviction for purposes of § 922(g)(1) to the extent that the government has knowledge of any information that may tend to establish such a disqualification." *Flower*, 29 F.3d at 536 n.8. Thus, the Court must examine the disabilities imposed by New Mexico law to determine whether Mr. Molina's civil rights were restored following the convictions. *See Flower*, 29 F.3d at 536 (looking to disabilities imposed by state law).

### 3.  Mr. Molina's civil rights have not been restored for purposes of Section 922(a)(20).

Tenth Circuit law is clear that a specific pardon is not required and automatic restoration of civil rights by operation of state law is sufficient for purposes of Section 921(a)(20). *United States v. Hall*, 20 F.3d 1066, 1068 (10th Cir. 1994). However, Tenth Circuit law is equally clear that complete restoration of four, core civil rights is required. *Flower*, 29 F.3d at 536; *United States v. Maines,* 20 F.3d 1102, 1104 (10th Cir. 1994). Specifically, the rights to vote, serve on a jury, hold public office, and possess firearms "must *all* be restored under § 921(a)(20) before a prior conviction may be excluded on the basis of restoration of civil rights[.]" *Flower*, 29 F.3d at 536 (emphasis supplied).

Mr. Molina asserts that his civil rights to vote, serve on a jury, and possess firearms have been restored. While his rights to vote and serve on a jury may have been automatically restored by operation of New Mexico law, Mr. Molina has not had his right to possess firearms restored within the meaning of Section 921(a)(20). With regard to his assertion that his right to possess firearms has been restored, Mr. Molina cites to N.M. Stat. Ann. § 30-7-16. This section provides, in pertinent part:

> A. It is unlawful for a felon to receive, transport or possess any firearm or destructive device in this state.
>
> B. Any person violating the provisions of this section shall be guilty of a fourth

degree felony and shall be sentenced in accordance with the provisions of the Criminal Sentencing Act.

C. As used in this section:

. . . .

(2) "felon" means a person convicted of a felony offense by a court of the United States or of any state or political subdivision thereof and:

(a) less than ten years have passed since the person completed serving his sentence or period of probation for the felony conviction, whichever is later;

(b) the person has not been pardoned for the felony conviction by the proper authority; and

(c) the person has not received a deferred sentence . . . .

N.M. Stat. Ann. § 30-7-16.

Section 30-7-16 defines the term "felon" to encompass only those felons for whom less than ten years have elapsed since completion of their sentence or period of probation. *Id*. Mr. Molina does not meet the definition of "felon," as set out in Section 30-7-16. *Id*. For this reason, Section 30-7-16 may not have prohibited Mr. Molina from possessing a firearm in June 2009. While Mr. Molina may not have violated New Mexico criminal law by possessing a firearm in June 2009, Section 30-7-16 does not state that Mr. Molina's civil right to carry a firearm was restored for purposes of 18 U.S.C. § 921(a)(20).

Mr. Molina reasons that he cannot be convicted under 18 U.S.C. § 922(g)(1) because his possession of a firearm was not forbidden by N.M. Stat. Ann. § 30-7-16. In that Section 30-7-16 does not restore Mr. Molina's civil rights for purposes of 18 U.S.C. § 921(a)(20), this reasoning is flawed. Indeed, a similar argument, involving Oklahoma law, was made by the defendant in *United States v. Fisher*, 38 F.3d 1144 (10th Cir. 1994), and rejected by the Tenth Circuit. In that case, the Tenth Circuit stated:

> Defendant's argument misses the point. Defendant was convicted under 18 U.S.C. § 922(g)(1), which forbids "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition." Under 18 U.S.C. § 921(a)(20), courts must look to state law only to determine if a defendant has been convicted of a felony and if so, whether his conviction has been set aside, expunged, or for which he has been pardoned or had his civil rights restored. *Id.*

*Fisher*, 38 F.3d at 1147.

It bears underscoring that the question of whether any requirement of § 921(a)(20) has been satisfied is distinct from the question of whether possession of a firearm was prohibited by N.M. Stat. Ann. § 30-7-16. "In other words, if the defendant has been convicted of a felony under state law and has not had his civil rights restored for that offense, then the defendant can properly be convicted for possession of [firearms] under § 922(g)(1), regardless of whether that same possession is prohibited under the state's law." *Id.* Thus, N.M. Stat. Ann. § 30-7-16 does not restore Mr. Molina's right to possess firearms within the meaning of 18 U.S.C. § 921(a)(20).

Notably, for purposes of § 921(a)(20), a defendant's civil rights have been restored under state law if the state has also restored the defendant's right to possess firearms. *United States v. Burns*, 934 F.2d 1157, 1160 (10th Cir. 1991) (concluding that defendant did not have his civil rights restored because defendant did not have the right to possess firearms). The Tenth Circuit has held that the rights to vote, serve on a jury, and hold public office, as well as the right to possess firearms, must all be restored under § 921(a)(20), before a prior conviction may be excluded on the basis of restoration of civil rights. *Flower*, 29 F.3d at 536; *Maines*, 20 F.3d at 1104. At the hearing, Mr. Molina acknowledged that his right to hold public office had not been restored. (*See* Tr. at 13-15) (acknowledging that he had not applied for a pardon and a pardon was required to restore the right to hold public office). In that Mr. Molina has not had restored his rights to possess firearms and hold public office, his civil rights have not been adequately restored to disqualify the use of his prior

felony convictions as predicate convictions for the Section 922(g)(1) charge. Thus, the predicate convictions are admissible at trial to prove the first element of the crime.

### 4. Mr. Molina's fair notice argument is legally unsupportable.

Mr. Molina testified that he read Section 30-7-16 and consulted with his probation officer, his brother who was a law student, and the Grant County Sheriff on the topic of whether Mr. Molina could legally possess a firearm. All three persons advised Mr. Molina that he could legally possess a firearm. The Court sympathizes with Mr. Molina's well-intentioned efforts to ascertain whether he was legally entitled to possess a firearm. Unfortunately for Mr. Molina, state law differs from the federal law in this crucial regard. While it may not have been a crime under New Mexico law for Mr. Molina to possess a firearm in June 2009, it was a crime under federal law. Mr. Molina admitted on cross-examination that he did not ask a federal law enforcement officer whether he could legally possess a firearm. It is regrettable that an intelligent person, such as Mr. Molina, acting in good faith, did not realize that he was subject not only to New Mexico criminal law, but also to an additional body of law promulgated by the federal government.

Unfortunately for Mr. Molina, ignorance of the law is no excuse for committing a crime. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, --- U.S. ----, 130 S.Ct. 1605, 1611 (2010) ("We have long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally.") (quotation omitted). 18 U.S.C. § 922(g)(1) and N.M. Stat. Ann. § 30-7-16 are separate statutes promulgated by the federal government and the state government, respectively. In that 18 U.S.C. § 922(g)(1) gives fair notice of what conduct is proscribed, namely a convicted felon is prohibited from possessing firearms unless he has been pardoned or has had his civil rights restored, mistaken interpretation of the law does not excuse Mr. Molina from the crime of being a felon in possession of a firearm under 18

U.S.C. § 922(g)(1). While the Court appreciates that Mr. Molina may have acted in good faith to ascertain his status and his mistake may be understandable, Mr. Molina's fair notice argument is not legally supportable as a defense to the charged crime. Mr. Molina will not be permitted to make this argument to the jury.

### 5. Mr. Molina's Second Amendment argument has been rejected.

Mr. Molina relies on the Supreme Court's decisions in *District of Columbia v. Heller*, ___ U.S. ___, 128 S.Ct. 2783 (2008), and *McDonald v. City of Chicago,* ___ U.S. ___, 130 S.Ct. 3020 (2010), for the notion that prosecution under 18 U.S.C. § 922(g)(1) would violate his Second Amendment rights.

This argument conveniently ignores the Supreme Court's statement that it did not intend to upset "longstanding prohibitions on the possession of firearms by felons." *Heller*, 128 S.Ct. at 2816-17; *see also McDonald*, 130 S.Ct. at 3047. Additionally, variations on this argument have been roundly rejected by the Tenth Circuit. *United States v. Pope*, 613 F.3d 1255, 1257 (10th Cir. 2010); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Simply put, Mr. Molina's arguments concerning the Second Amendment lack legal substance.

### B. The United States' Motion in Limine will be granted.

#### 1. Evidence of the possible penalties will be excluded from trial.

The Tenth Circuit has held that "unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1996); *see also, United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980). Mr. Molina conceded this point at the hearing of November 9, 2010. In light of established and binding Tenth Circuit precedent, evidence of possible penalties must be excluded.

The jury will not be informed of possible penalties.

### 2. Evidence that New Mexico law did not prohibit Mr. Molina from possessing firearms should be excluded from trial.

As discussed in Section II. A. 3. *supra*, N.M. Stat. Ann. § 30-7-16 states that possession of a firearm by a felon, such as Mr. Molina, is not prohibited by state law. The legal question of whether Mr. Molina's civil rights have been restored is not answered by § 30-7-16. Moreover, as discussed in Section II. A. 2. *supra*, this legal question must be determined by the Court, not the jury. The legality of Mr. Molina's actions under N.M. Stat. Ann. § 30-7-16 is not relevant to any of the issues in the federal prosecution. In that such evidence is not relevant to any issue at hand, it is inadmissible. *See* Fed. R. Evid. 104.

The United States suggests that such evidence might be offered for the purpose of jury nullification. In that such evidence would not be relevant to any of the issues at trial, the Court agrees with the United States and would take this opportunity to notify Mr. Molina that the Court will not allow him to encourage jurors to disregard their oath, the law, or the facts.

While Mr. Molina may have a right to a jury trial, he does not have a right to jury nullification. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) ( "[T]here is no right to jury nullification.") The Tenth Circuit has specifically stated that it disapproves of the encouragement of jury nullification. *United States v. Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010) (*quoting United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *see also United States v. Mason*, 85 F.3d 471, 473 (10th Cir. 1996) ("While we recognize that a jury in a criminal case has the practical power to render a verdict at odds with the evidence or the law . . . [s]uch a power, if exercised, would conflict with the jurors'

sworn duty to apply the law to the facts, regardless of outcome."). Indeed, "the power of juries to 'nullify' or exercise a power of lenity is just that-a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent." *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997). Mr. Molina is on notice that no evidence will be admitted, and no instructions will be given, that would encourage jury nullification.

**THEREFORE,**

**IT IS ORDERED** that Mr. Molina's Second Motion to Dismiss the Indictment, filed on November 1, 2010, First Amended Motion to Dismiss the Indictment, filed on October 7, 2010, and Motion to Dismiss the Indictment, filed on October 6, 2010, are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine, filed on November 5, 2010, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**